IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICA YVONNE SHEPPARD, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | NO. 4:14-CV-00655 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGEMENT

Petitioner Erica Yvonne Sheppard seeks federal habeas corpus relief on her conviction and sentence of death. This Court denied her federal petition and issued final judgment. Docket Entry (DE) 56, DE 55. Now Sheppard seeks relief from judgment under Federal Rule of Civil Procedure 59(e). But Sheppard presents no compelling reason for this Court to vacate its judgment; therefore, her motion should be denied.

# ARGUMENT

## I.  Standard of Review

The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611, & n.18 (5th Cir. 1993). However, the circumstances for granting such a motion are limited. Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp.2d 463, 465 (E.D. La. 2000)). Indeed, the Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp.*, 2 F.3d at 611. Such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Thus, "a party's failure to present her strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video*

*Broad. Sys., Inc.*, No. 89-1412-C, 1989 WL 159369, at *1 (D. Kan. 1989) (unpublished) (citing *United States v. Carolina Eastern Chem. Co., Inc.*, 639 F. Supp. 1420, 1423 (D.S.C. 1986)).

Consequently, to prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or to prevent manifest injustice. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003); *Fontenot v. Mesa Petrol. Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986); *Waltman*, 875 F.2d at 473 (The purpose of a Rule 59(e) motion is "to correct manifest errors of law or to present newly discovered evidence.").

## II. Sheppard Fails to Establish Clear Error by the Court That Would Support Post-Judgment Relief.

Sheppard's allegation that the district court committed legal error in disposing of her federal habeas petition has no purchase.  In many instances the arguments she asserts are simply a regurgitation of contentions previously raised in her petition and 236-page response to the Director's motion for summary judgment.  On a few occasions, she espouses new arguments that could have been, but were not, asserted prior to judgment.  They are not properly considered here.  At no point in her motion does she establish "clear error" by this Court in its decision denying relief.  As such, her motion should

3

be denied.

Initially, courts have consistently cautioned that a litigant seeking post-judgment relief under Rule 59(e) "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Arena v. Graybar Elec. Co., Inc.*, 2010 WL 3944942, *1 (W.D. La. 2010), *reversed on other grounds*, 669 F.3d 214 (5th Cir. 2012) (quoting *Atkins v. Marathon LeTourneau, Co.*, 130 F.R.D. 625, 627 (S.D. Miss. 1990), and *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977)). "A party seeking reconsideration must show more than disagreement with the court's decision ... ." *Sundaram v. Flagstar Bank FSB*, 2012 WL 5336209, *2 (S.D. Tex. 2012), citing *Texaco Expl. & Prod., Inc. v. Smackco, Ltd.*, 1999 WL 539548, *1 (E.D. La. 1999).

A.     **The Court did not err in concluding that federal habeas was not warranted on Sheppard's punishment-phase *Strickland* claim.**

Sheppard's claim that this Court erred in its disposition of her punishment-phase *Strickland* claim constitutes nothing more than a disagreement with the Court's decision to deny relief.  Her argument regarding 28 U.S.C. § 2254(d)'s operation as a procedural bar rather than a deferential standard of review was already raised in her response to the Director's motion for summary judgment.  DE 49 at 3-27.  This Court in setting out the applicable

4

standards under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), DE 55 at 6-8, implicitly rejected Sheppard's alternative reading of the statute, and was correct in doing so. Moreover, the Court's determination that the extreme deference afforded to *Strickland* claims on federal habeas review precludes relief in this case—despite the fact that the Court, in its independent judgment, might have awarded such—is not only consistent with, but compelled by, circuit and Supreme Court precedent.

First, there is no support for what Sheppard maintains is the proper application of, and analysis under, AEDPA. She artificially props up her position by distorting quotations from various courts, including the Supreme Court, to suit her purpose. Tellingly, however, the cases Sheppard cites do not employ the analysis she espouses as correct. Instead, the application of AEDPA in these cases illustrates and affirms the correctness of this Court's decision. *Williams v. Taylor*, 529 U.S. 362 (2000), in particular, contradicts Sheppard's claim here; not just with respect to the analysis proscribed under AEDPA, but also regarding this Court's determination that the state court's resolution of Sheppard's *Strickland* claim, assuming it were, was not unreasonable. In *Williams*, the Supreme Court held that "the most important point [in defining 'unreasonable' in 2254(d)(1)] is that an *unreasonable* application of federal law is different from an *incorrect* application of federal law." 529 U.S. at 410

5

(emphasis original). The Supreme Court reiterated this in *Renico v. Lett*,

> We have explained that "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams* [ ], 529 U.S. [at] 410 [ ]. Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.*, at 411 [ ]. Rather, that application must be "objectively unreasonable." *Id.*, at 409 [ ]. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473 [ ] (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 [ ] (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 [ ](2002) (per curium).

559 U.S. 766, 773 (2010).

Clearly, the Court's decision in this case squares with controlling case law. Sheppard's arguments to the contrary are simply reiterations of arguments already raised and rejected by this Court.  "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Sundaram*, 2012 WL 5336209, *2 (quoting *Atkins*, 130 F.R.D. at 626).


### B.    The Court correctly disposed of Sheppard's *Batson* claim.

Sheppard construes error here where there is none.  Her complaint that the Court failed to apply the proper analysis to her *Batson* claim misreads this

Court's opinion.  According to Sheppard, the Court rejected her claim because she failed to identify a similarly situated white juror that the State did not challenge.  DE 57 at 14-16. But, this is not what the Court held.

Initially, this Court set out the proper analysis for reviewing Sheppard's claim that the strike against potential juror Ronnie Simpson was discriminatory:

> In *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court held that the use of peremptory strikes to remove jurors on the basis of race violated the equal protection clause.  When a defendant makes a *prima facie* showing that a peremptory challenge was based on race the prosecutor must offer a race-neutral explanation for the strike.  If the prosecutor does so, it then falls to the defendant to demonstrate that the offered explanation was pretextual.  *See e.g. Purkett v. Elem*, 514 U.S. 765, 767-68 (1995).

DE 55 at 41.

Without question, Sheppard shoulders the burden of proving that the State's race-neutral explanation for striking Simpson was a pre-text.  In her attempt to carry this burden she pointed to two white jurors that she claimed were similarly situated to Simpson, but were accepted by the State.  DE 28 at 173-78. Citing the Director's arguments to the contrary that highlighted material differences between Simpson and these white jurors, the Court concluded that,

> "[w]hile the State's acceptance of juror Chambers raises some questions, it does not so clearly demonstrate that the State's

7

> answers were pretextual as to support a finding that the trial court's ruling, based not only the explanations, but also on the court's observations of the proceedings and determinations of the participant's credibility, was wrong."

DE 55 at 43.

Ultimately, the court rejected this claim and denied relief because "Sheppard fail[ed] to demonstrate that the offered race-neutral reason was pretextual." *Id*. The Court did not, as Sheppard maintains here, require that she produce a similarly situated white juror to succeed under *Batson*. The Court did, however, require that the argument asserted by Sheppard to rebut the State's race-neutral reasons—in this case, allegations of similarly situated white jurors—be sufficiently compelling; but it was not. As a result, relief was denied. There is no error here.

### C.   This Court aptly disposed of Sheppard's *Strickland* claim regarding counsel's failure to object to erroneously statements by the trial court during voir dire.

Here, Sheppard faults the Court for considering and rejecting an argument she never raised. This Court denied relief on Sheppard's claim that counsel was ineffective for failing to object to incorrect statements by the trial court concerning the law of parties during voir dire because,

> [t]he evidence at trial did not support Sheppard's implicit contention that she was only a minor peripheral participant in the Meagher murder. Rather, the evidence showed that she participated in the beating and stabbing that led to Meagher's

8

death.  Thus, the trial judge's incorrect statement of law was not relevant because Sheppard had no plausible argument to make that she did not actually and actively participate in the murder. Indeed, in assessing punishment, the jury specifically found that Sheppard intended that Meagher be killed.

DE 55 at 30.[1]  In her motion, Sheppard maintains that the Court erred in its prejudice analysis because it

> Fail[ed] to acknowledge or address the fact that, regardless of whether Ms. Sheppard did or did not actively participate in the murder, the trial court's erroneous statement [on the law of parties] violated [her] right to individualized sentencing under the Eighth and Fourteenth Amendments, which require sentencing procedures "focus the jury's attention on the particularlized nature of the crime," *Gregg v. Georgia*, 428 U.S. 153, 206 (1976) (plurality opinion), while also allowing "the particularized consideration of relevant aspects of the character and record" of the indivudalized defendant, *Woodson v. North Carolina*, 428 U.S. 280, 303 (1976).

DE 57 at 20.

Notably, however, neither consideration—the extent of her participation in the murder or the impact of the trial judge's remarks on the mitigation special issue—was raised by Sheppard's prior briefing on this claim. Indeed, her petition alleged only the following with respect to prejudice:

> Counsel's failure to object to the erroneous instruction resulted in the claim being waived and the error not preserved for appellate

---

1    "In discussing the case with prospective jurors, the trial judge gave an example of a bank robbery, stating that both the actual robber and the driver of the getaway car would be guilty of robbery.  This statement is a correct statement of Texas' law of parties.  The trial judge, however, also stated that not only would the robber and driver both be guilty of robbery, but that each should receive the same punishment. This is an incorrect statement of the law."  DE 55 at 29 (internal citations omitted).

> review.  Ms. Sheppard was plainly prejudiced by her counsel's
> waiver of this argument.  There is no reasonable probability that,
> but for the errors by Ms. Sheppard's counsel, the result of her trial
> would have been different.

DE 28 at 159.  Sheppard's lengthy response to the Director's motion for summary judgment added little to this, except to argue against the Director's assertion that prejudice was precluded by the fact that the jury received the correct instruction on the law of parties in the punishment jury charge.  DE 49 at 187.  Specifically, Sheppard argued that the proper instructions on punishment was insufficient to "cure the prejudice resulting from extraneous information received by jurors."   DE 49 at 187 (citing *United States v. Chanthadara*, 230 F.3d 1237, 1251 (10th Cir. 2000)).

The conclusory manner in which this claim was briefed left the Court to guess at any "implicit contentions" Sheppard might be making with respect to prejudice.  This Court is under no obligation to entertain conclusory allegations of ineffective assistance of counsel.  *See, e.g., Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir.2002) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir.2000)); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel

are insufficient to raise a constitutional issue."). Moreover, a motion for reconsideration under Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79. Her request for post-judgment relief on this claim should be denied.

> **D.   This Court did not err in refusing to grant relief on Sheppard's *Strickland* claim regarding the prosecutor's voir dire statements on parole.**

Here again, Sheppard uses her rule 59(e) motion to do little more than voice her disagreement with the Court's decision. She challenges the Court's finding on both the deficiency and prejudice prongs of her claim that trial counsel was ineffective for failing to object to the prosecutor's statements regarding the laws on parole eligibility,[2] but she fails to demonstrate "clear error" in the district court's disposition of this claim.

Initially, Sheppard misreads the Court's opinion regarding deficient performance. The Court did not actually make findings regarding whether counsel was deficient for failing to object to the prosecutor's comments on

---

2   "During jury *voir dire*, the prosecutor stated, correctly that Sheppard would be eligible for parole after serving 35 years if she was sentenced to life imprisonment. He added, however, that the Legislature has changed the amount of time a life sentenced inmate is required to serve before becoming eligible for parole, and implied that another such change could reduce the time Sheppard would have served to as little as 15 years." DE 55 at 30 (internal citations omitted).

potential changes to the parole laws and its impact on Sheppard's case. Rather, this Court went straight to prejudice: "Assuming that the prosecutor acted improperly, and that defense counsel should have objected, Sheppard cannot demonstrate *Strickland* prejudice." DE 55 at 31. Thus Sheppard's arguments attacking the Court's analysis of counsel's performance are misplaced.

And Sheppard's challenge to the Court's prejudice analysis fails. The district court found that "[d]uring the sentencing phase of trial, the jury was specifically instructed that they were not to consider parole eligibility in passing sentencing, and that, in any event, Sheppard would have to serve 35 years before being considered for parole." DE 55 at 31. The Court further noted that "[j]urors are presumed to follow their instructions." *Id*. (citing *Weeks v. Angelone*, 528 U.S. 225, 234 (2000)). Because the jury was properly instructed on the issue immediately prior to deliberating and Sheppard made no showing that they these instructions were not followed, the Court concluded that Sheppard could not demonstrate prejudice. *Id*. Sheppard contends that the Court erred because the jury instructions were insufficient to cure the prejudice caused by the prosecutor's comments during voir dire, but she asserts no legal authority establishing that the Court's conclusion was clearly erroneous. The fact that she disagrees with the Court and the precedent

supporting its decision is not a basis for post-judgment relief.

### III. No valid basis exists here to stay the proceedings pending the Supreme Court's decision in *Wilson v. Sellers*.3

With regard to her punishment-phase *Strickland* claim, Sheppard urges the Court to hold her case open for the resolution of this Court's decision in *Wilson*, but the certiorari grant in *Wilson* is just that, a certiorari grant and not controlling authority. More importantly, however, Sheppard's request to stay the proceedings pending the outcome of *Wilson* is not properly raised here. As set out previously, Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79. The Supreme Court granted certiorari review on February 27, 2017, *Wilson*, 123 S.Ct. 1203, a month prior to the entry of this Court's Memorandum and Order denying federal habeas relief on March 29, 2017, DE 55. This assertion could have and should have been raised prior to the entry of judgment in this case.

Nevertheless, a favorable decision in *Wilson* would not help Sheppard. As pointed out by Sheppard, the issue in *Wilson* centers around deference owed to summary state court decision under AEDPA. DE 57 at 4 (*Wilson*, 123 S.Ct. 1203, Pet. for Writ of Cert. at i). But, the state court's decision in this case was

---

3    Wilson v. Sellers No.16-6855, 123 S.Ct. 1203 (U.S. Feb. 27, 2017).

not a summary one.  The CCA rejected Sheppard's ineffective assistance of counsel claims in a 5-page opinion that explains the reasoning behind its decision to deny her claim on the merits.  *Ex parte Sheppard*, WR-78,132-01, *slip op.* at 2-4 (Tex. Crim. App. Oct. 9, 2013).  Thus, even if *Wilson* is resolved in the petitioner's favor, it would have no impact here.

## IV.   To the Extent That Sheppard Contests the Court's Decision on the Merits, Her Rule 59(e) Motion Constitutes a Successive Petition.

This Court found that the claims asserted in Sheppard's petition did not warrant federal habeas relief. DE 55. Now that final judgment has been entered, Sheppard's attack of the Court's denial of her claims on the merits constitutes a successive petition and should be summarily dismissed. The Supreme Court has held that a motion seeking relief from final judgment under Rule 60(b) that raises "new" claims or attacks the resolution of previously adjudicated-on-the-merits claims is the functional equivalent of a second-or-successive petition. *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005). The Fifth Circuit has extended the *Gonzalez* rationale to Rule 59(e) motions. *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("Keeping in mind AEDPA's basic premises—avoiding piecemeal litigation and encouraging petitioners to bring all their substantive claims in a single filing—we believe that Rule 59(e) gives rise to concerns similar to those the Supreme Court

addressed in *Gonzalez*, and therefore apply the *Gonzalez* framework to both of Williams's motions."). Thus, where a post-judgment motion—a Rule 59(e) or Rule 60(b) motion—is, in fact, a second-or-successive petition, a district court has no jurisdiction to entertain it and it must be dismissed. *Id*. at 304. It is only when a Rule 60(b) or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 545 U.S. at 532; *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion.").

## CONCLUSION

This Court properly denied Sheppard's claims based on the record before it. Sheppard's attempt to re-litigate the merits of her claims do not amount to a valid basis for relief from judgment. This Court should deny relief.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE MCFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*/s/ Tina J. Miranda*
*TINA J. MIRANDA

*Attorney in charge          Assistant Attorney General
Texas Bar No. 24026139
Southern District Bar No. 27728
Office of the Attorney General
Criminal Appeals Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711-2548
tina.miranda@oag.texas.gov

Telephone: (512) 936-1600
Telecopier: (512) 320-8132

ATTORNEYS FOR RESPONDENT

16

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2017, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

W. Alan Wright
KILPATRICK TOWNSEND & STOCKTON LLP
Alan.wright@kilpatricktownsend.com


*/s/ Tina J. Miranda*
TINA J. MIRANDA
Criminal Appeals Division